UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SELVIA M. HINES**,

       Plaintiff,

vs.

Case No.
Hon.

**OAKLAND COMMUNITY COLLEGE,**

       Defendant.

**GASIOREK MORGAN**
Donald J. Gasiorek (P24987)
Attorneys for Plaintiff
30500 Northwestern Hwy Suite 425
Farmington Hills, MI 48334
(248) 865-0001 / (248) 865-0002 (Fax)
dgasiorek@gmgmklaw.com

## **PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Plaintiff, SELVIA M. HINES, by her attorneys, GASIOREK MORGAN, states the following for her Complaint against Defendant:

1. This Complaint asserts claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC §2000(e) *et. seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 USC §621, *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL §37.2101, *et seq.*

1

## PARTIES

2. Plaintiff, SELVIA HINES, is an individual residing in Detroit, Wayne County, Michigan.

3. Defendant, OAKLAND COMMUNITY COLLEGE, is a public community college system based in Oakland County, Michigan, with five campuses located throughout Oakland County, Michigan, and with its principal office or headquarters located in Bloomfield Hills, Oakland County, Michigan.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendant because Defendant conducts business on a regular and systematic basis in the Eastern District of Michigan and is headquartered in the Eastern District of Michigan.

5. This Court has jurisdiction over Plaintiff's ADEA and Title VII claims under and pursuant to 28 USC §§1331 and 1343.

6. This Court has jurisdiction over Plaintiff's state law claims under and pursuant to 28 USC §1367.

7. On October 6, 2020, Plaintiff signed and submitted a Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC").

8. The EEOC issued a Notice of Right To Sue on May 20, 2021. See **Exhibit A.**

9. Plaintiff has timely filed this Complaint within 90 days of receiving the EEOC's Notice of Right to Sue.

10. Venue is proper in this judicial district pursuant to 28 USC §1391 because the events giving rise to the claims occurred in this judicial district.

## GENERAL ALLEGATIONS

11. Plaintiff is an African American female born in 1961.

12. On May 20, 1997, Plaintiff commenced employment with Defendant as an administrative assistant.

13. While employed with Defendant, Plaintiff obtained a Master's Degree in business administration and also received certificates in management and human resources training.

14. Plaintiff, at all times, performed her assigned duties and responsibilities in a manner that demonstrated that she was qualified for her position, qualified to retain her position as an administrative assistant, and/or qualified for a more responsible position with Defendant.

15. In 2016, Defendant assigned Plaintiff to its Department of Academic Affairs to work as the administrative assistant for the Vice-Chancellor for Academic Affairs.

16. In addition to her administrative assistant duties, Plaintiff prepared and edited academic-related reports, contracts, and materials; she created, upgraded, and maintained electronic files; she also planned, coordinated, and implemented events and retreats for Defendant, kept the department's budget in balance, and assisted other departments when needed.

17. In a "Management Staff Appraisal Form" dated November 14, 2019, Defendant rated Plaintiff's performance a "(1)" or Outstanding in job/organizational knowledge, planning and organization, professional development, communication, quality of work, and dependability.

18. The Defendant's Management Staff Appraisal Form dated November 14, 2019 further rated Plaintiff a "(2)" or Very Good in problem analysis and decision-making, human relations, initiative and creativity.

19. Nowhere in the Management Staff Appraisal Form dated November 14, 2019, did Defendant rate Plaintiff's performance as a "(4)" or Needs Improvement.

20. Nowhere in the Management Staff Appraisal Form dated November 14, 2019, did Defendant rate Plaintiff's performance as a "(5)" or Unsatisfactory.

21. On November 14, 2019, the Defendant's Vice-Chancellor for Academic Affairs ("Vice-Chancellor") praised Plaintiff's technical skills and knowledge and described her as exceptionally competent, intelligent, goal oriented, dedicated, a very effective team player, incredible writer, wonderful at editing materials, a direct communicator and good listener, trustworthy with confidential information, and always willing to take on new responsibilities.

22. On November 14, 2019, the Vice-Chancellor wrote that the Vice-Chancellor "never had any concerns" with Plaintiff's work -- "It is always of the highest quality".

23. In or about December 2019, the Vice-Chancellor voluntarily left Defendant's employ.

24. On or about April 30, 2020, Defendant hired Dr. Jennifer Berne ("Berne") as Provost, and Berne assumed the former duties and responsibilities of the Vice-Chancellor for Academic Affairs.

25. Dr. Berne subjected Plaintiff to performance standards which were unreasonable compared to those established for Caucasian and/or younger and/or male administrative assistants.

26. In late May 2020, within a month after becoming Provost of the Academic Affairs department, Dr. Berne recommended that Defendant "lay off" Plaintiff and replace her with someone else.

27. On or about June 1, 2020, the Defendant's Vice Chancellor for Human Resources verbally informed Plaintiff that the Defendant decided to eliminate Plaintiff's position and, as a result, Plaintiff's employment would be terminated.

28. In June 2020, Defendant had at least one open/vacant position that required the same or similar experience, knowledge, skills, qualifications, and/or duties as those performed by Plaintiff.

29. During her termination conversation with the Vice Chancellor for Human Resources, Plaintiff specifically inquired about other open/vacant and/or available positions, including positions that would open up or become available in the future.

30. In response, the Vice Chancellor for Human Resources informed Plaintiff that Defendant was not hiring or filling positions.

31. On June 3, 2020, Defendant informed Plaintiff in writing of its decision to eliminate her position and that her employment with Defendant was terminated effective June 5, 2020.

32. Defendant mentioned nothing about any deficiency or inefficiency in Plaintiff's work performance when it notified her of her employment termination.

33. Defendant's reason for terminating Plaintiff's employment was false.

34. Upon information and belief, a younger Caucasian male employee assumed Plaintiff's duties immediately following her termination.

35. The following month (July 2020), Defendant advertised or sought applicants for the position of Academic Operations Specialist in its Academic Affairs department.

36. The job description for the Academic Operations Specialist required the same or similar duties, knowledge, and skills as those previously performed by Plaintiff.

37. In addition, the minimum qualifications required for the Academic Operations Specialist were to have a Bachelor's degree and experience in data analysis and presentation, office management, and/or clerical support at the executive level as well as good oral and written

communication skills, integrity in the management of personnel issues, proficiency and/or the ability to quickly learn college data systems, ability to organize and prioritize, and simple budgeting knowledge and experience.

38. Plaintiff had a Master's Degree in business administration, had reported to and directly assisted the Vice-Chancellor for Academic Affairs for years; and, based upon the Defendant's performance appraisal and Vice-Chancellor's written statements dated just eight months earlier on November 14, 2019, Plaintiff had the requisite qualifications to be hired as an Academic Operations Specialist.

39. As a result, on or about July 14, 2020, Plaintiff applied for the Academic Operations Specialist position.

40. Defendant did not interview Plaintiff for the position.

41. Instead, on or about August 24, 2020, Defendant sent Plaintiff an email message informing Plaintiff that she lacked the minimum qualifications for the position.

42. Defendant's reason for refusing to interview and/or hire Plaintiff as an Academic Operations Specialist was false and without justification.

43. Upon information and belief, Defendant subsequently hired a Caucasian and/or younger individual as Academic Operations Specialist.

44. Upon information and belief, Defendant's proffered reasons for terminating Plaintiff's employment and refusing to transfer, place, or hire her into positions for which she was qualified were a pretext for discrimination.

45. Plaintiff's race and/or age and/or gender were factors in Defendant's decision to terminate her employment.

46. Plaintiff's race and/or age and/or gender were factors in Defendant's decisions to not transfer, place, or hire Plaintiff into positions for which she was qualified.

## COUNT I
## RACE DISCRIMINATON IN VIOLATION OF TITLE VII

47. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

48. At all times relevant to this action, Plaintiff was an employee and Defendant was an employer within the terms of Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000(e), *et. seq.*

49. Pursuant to Title VII, Defendant, as an employer, had a duty to Plaintiff not to terminate or otherwise discriminate against Plaintiff with respect to her employment, compensation, terms, conditions, or privileges

9

of employment because of Plaintiff's race; or to limit, segregate, or classify Plaintiff for employment in any way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affect the employment status of Plaintiff because of her race.

50. Defendant violated this duty to Plaintiff by, among other things, treating Plaintiff less favorably than similarly situated Caucasian employees, terminating Plaintiff's employment, refusing to hire, transfer, or place Plaintiff into positions for which she was qualified, and/or otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities, compensation, and/or privileges of her employment because of her race.

51. Defendant's discriminatory treatment and its termination of Plaintiff because of her race was willful and deliberate.

52. As a direct and proximate result of Defendant's intentional violation of Plaintiff's civil rights, as set forth in Title VII, Plaintiff suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter its Judgment against Defendant for money damages in whatever amount is

shown to be established by the proofs of this case, plus exemplary damages, punitive damages, together with appropriate equitable and injunctive relief, and the imposition of attorney fees and costs.

## COUNT II
## RACE DISCRIMINATION IN VIOLATION OF THE ELCRA

53. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

54. At all times relevant herein, under the ELCRA, Plaintiff had a right to employment free from discrimination based on her race.

55. Defendant violated Plaintiff's rights under the ELCRA by, among other things, treating Plaintiff less favorably than similarly situated Caucasian employees, terminating Plaintiff's employment, refusing to hire, transfer, or place Plaintiff into positions for which she was qualified, and/or otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities, compensation and/or privileges of her employment because of her race.

56. As a direct and proximate result of Defendant's discriminatory and wrongful conduct, Plaintiff suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with exemplary damages, interest, costs, and reasonable attorneys' fees.

## COUNT III
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

57. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint.

58. Defendant is an "employer" as that term is defined in the ADEA.

59. Pursuant to the ADEA, Defendant, as an employer, had a duty to Plaintiff not to terminate or otherwise discriminate against Plaintiff with respect to her employment, compensation, terms, conditions, or privileges of employment because of her age; or to limit, segregate, or classify Plaintiff for employment in any way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affect the employment status of Plaintiff because of her age.

60. Defendant violated this duty to Plaintiff by, among other things, treating Plaintiff less favorably than similarly situated younger employees, terminating Plaintiff's employment, refusing to hire, transfer, or place Plaintiff into positions for which she was qualified, and/or and otherwise

discriminating against Plaintiff with respect to the terms, conditions, opportunities, compensation, and/or privileges of her employment because of her age.

61. Defendant's discriminatory treatment and termination of Plaintiff because of her age was willful and deliberate.

62. As a direct and proximate result of Defendant's intentional violation of Plaintiff's civil rights, as set forth in the ADEA, Plaintiff suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter its Judgment against Defendant for money damages in whatever amount is shown to be established by the proofs of this case, plus exemplary damages, liquidated and/or punitive damages, together with appropriate equitable and injunctive relief, and the imposition of attorney fees and costs.

## COUNT IV
## AGE DISCRIMINATION IN VIOLATION OF THE ELCRA

63. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

64. At all times relevant herein, Plaintiff was an employee and Defendant satisfied the definition of an employer within the meaning of Michigan's ELCRA, MCL §37.2101, *et seq.*, as amended.

65. At all times relevant herein, under the ELCRA, Plaintiff had a right to employment free from discrimination based on her age.

66. Defendant violated Plaintiff's rights under the ELCRA by, among other things, treating Plaintiff less favorably than similarly situated younger employees, terminating Plaintiff's employment, refusing to hire, transfer, or place Plaintiff into positions for which she was qualified, and/or otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities, compensation and/or privileges of her employment because of her age.

67. As a direct and proximate result of Defendant's discriminatory and wrongful conduct, Plaintiff suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant in whatever amount is shown

to be established by the proofs in this cause, together with exemplary damages, interest, costs, and reasonable attorneys' fees.

## COUNT V
## GENDER DISCRIMINATON IN VIOLATION OF TITLE VII

68. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

69. At all times relevant to this action, Plaintiff was an employee and Defendant was an employer within the terms of Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000(e), *et. seq.*

70. Pursuant to Title VII, Defendant, as an employer, had a duty to Plaintiff not to terminate or otherwise discriminate against Plaintiff with respect to her employment, compensation, terms, conditions, or privileges of employment because of Plaintiff's gender; or to limit, segregate, or classify Plaintiff for employment in any way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affect the employment status of Plaintiff because of her gender.

71. Defendant violated this duty to Plaintiff by, among other things, treating Plaintiff less favorably than similarly situated male employees, terminating Plaintiff's employment, refusing to hire, transfer, or place Plaintiff into positions for which she was qualified, and/or otherwise discriminating against Plaintiff with respect to the terms, conditions,

opportunities, compensation, and/or privileges of her employment because of her gender.

72. Defendant's discriminatory treatment and its termination of Plaintiff because of her gender was willful and deliberate.

73. As a direct and proximate result of Defendant's intentional violation of Plaintiff's civil rights, as set forth in Title VII, Plaintiff suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter its Judgment against Defendant for money damages in whatever amount is shown to be established by the proofs of this case, plus exemplary damages, punitive damages, together with appropriate equitable and injunctive relief, and the imposition of attorney fees and costs.

## COUNT VI
## GENDER DISCRIMINATION IN VIOLATION OF THE ELCRA

74. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

75. At all times relevant herein, under the ELCRA, Plaintiff had a right to employment free from discrimination based on her gender.

76. Defendant violated Plaintiff's rights under the ELCRA by, among other things, treating Plaintiff less favorably than similarly situated male employees, terminating Plaintiff's employment, refusing to hire, transfer, or place Plaintiff into positions for which she was qualified, and/or otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities, compensation and/or privileges of her employment because of her gender.

77. As a direct and proximate result of Defendant's discriminatory and wrongful conduct, Plaintiff suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with exemplary damages, interest, costs, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Plaintiff, SELVIA M. HINES, by her attorneys, GASIOREK MORGAN, demands a trial by jury in this cause of action.

Respectfully submitted,

**GASIOREK MORGAN**

BY:   /s/ Donald Gasiorek
DONALD J. GASIOREK (P24987)
Attorneys for Plaintiff
30500 Northwestern Hwy, Suite 425
Farmington Hills, MI 48334
(248) 865-0001

Dated: August 17, 2021                dgasiorek@gmgmklaw.com